█ LEONARD M. EAGLE, Plaintiff and Third-Party Defendant-Respondent, v COVENTRY HOMEOWNERS ASSOCIATION, INC., De-

fendant and Third-Party Plaintiff-Appellant, et al., Defendants. JACQUELINE EAGLE, Third-Party Defendant-Respondent. (Action No. 1.) LEONARD M. EAGLE, Appellant, v AB DEVELOPMENT CORP. et al., Defendants, and ALFRED BARONE, Respondent. (Action No. 2.) [734 NYS2d 577] —In two related actions to recover damages for wrongful death, (1) the plaintiff appeals, as limited by his brief, from (a) so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated June 29, 2000, as granted the motion of the defendant third-party plaintiff, Coventry Homeowners Association, Inc., for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it, and granted the separate motion of Alfred Barone for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against him, and (b) a judgment of the same court, entered September 7, 2000, upon the order, which dismissed the complaint in Action No. 2 insofar as asserted against Alfred Barone, and (2) the defendant third-party plaintiff, Coventry Homeowners Association, Inc., separately appeals, as limited from its brief, from so much of the same order as granted the motion of the third-party defendants, Leonard Mark Eagle and Jacqueline Eagle, for summary judgment dismissing the third-party complaint in Action No. 1. The plaintiff's notice of appeal from so much of the order as granted the motion of Alfred Barone for summary judgment is deemed to also be a notice of appeal from the judgment entered September 7, 2000 (see, CPLR 5501 [c]).

Ordered that the appeal by the plaintiff from so much of the order as granted the separate motion of Alfred Barone for summary judgment is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal by the plaintiff from so much of the order as granted the separate motion of Alfred Barone for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against him is dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment in that action in favor of Alfred Barone (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

Ten-year-old Joshua Eagle was climbing on the brick facade

on his parent's town house when the facade broke away from the wall and collapsed on top of him, causing his death. Contrary to the plaintiff's contentions, Coventry Homeowners Association, Inc. (hereinafter Coventry), the defendant third-party plaintiff in Action No. 1, was not responsible for inspecting and maintaining the brick facade. The offering plan for the town house development clearly sets forth Coventry's responsibilities. Inspection and maintenance of the exterior shell of the residents' town houses is not one of the responsibilities, and such responsibility cannot be inferred from the other obligations set forth in the offering plan (*cf., Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579). In addition, Alfred Barone, a defendant in Action No. 2 and the president of the corporation which constructed the town house development approximately six years before the accident, cannot be held personally liable for the accident. The plaintiff failed to provide evidence allowing this Court to pierce the corporate veil (*see, Hyland Meat Co. v Tsagarakis,* 202 AD2d 552).

The parties' remaining contentions are without merit. Santucci, J. P., Krausman, Luciano and Feuerstein, JJ., concur.